IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Korell Battle a/k/a Korell Robert Floyd Battle,<br><br>                      Plaintiff,<br><br>v.<br><br>John Ozmint; Frederick Thompson; D Bailey; McKither Bodison, Darryl King; NFN Gilmore; and John Doe, *Officer*,<br><br>                      Defendants. | Civil Action No.2:12-cv-1350-CMC-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The Plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Plaintiff's Motion for Default Judgment. (Dkt. No. 28.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

Plaintiff filed the instant Motion for Default Judgment on or about November 7, 2012, the same date he filed his Motion to Compel. (Dkt. No. 28; see also Dkt. No. 27.) Plaintiff placed the date November 4, 2012, on his documents; the envelope indicates the Motion for Default Judgment was received in the prison mail room on November 7, 2012. (Dkt. No. 28; Dkt. No. 28-1.)

In his Motion for Default Judgment, Plaintiff states that "[a] default has been entered against all defendants for failure to answer or otherwise defend in the above entitled matter." (Dkt. No. 28 at 1.) The remainder of this brief motion simply states that "Defendants are not in military service." (Id.)

Defendants filed a Response in Opposition, asserting that Plaintiff "has not provided any evidence that Defendants have failed to plead or otherwise defend the allegations of his Complaint." (Dkt. No. 34 at 1.) Defendants state,

> To the contrary, Defendants filed a timely Answer. Battle's assertion is that he is entitled to default judgment because he alleges Defendants failed to respond to his requests for discovery. However, this is not a valid ground for default or reason for entry of default judgment under the Federal Rules of Civil Procedure. Thus, Defendants are not in default and default judgment should not be entered against Defendants.

(Id.)[1]

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of default when a defendant "fail[s] to plead or otherwise defend." FED. R. CIV. P. 55(a). Rule 55 states, in relevant part,

> **(a) Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment**.
>
> > **(1) By the Clerk**. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > **(2) By the Court**. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court

---

[1] Defendants correctly note that Defendants McKither Bodison and John Doe have not yet been served. (See Dkt. No. 34 at 1.) Plaintiff was recently granted an extension of time to serve these two Defendants. (See Dkt. No. 41.)

2

>     may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
>     **(A)** conduct an accounting;
>
>     **(B)** determine the amount of damages;
>
>     **(C)** establish the truth of any allegation by evidence; or
>
>     **(D)** investigate any other matter.

FED. R. CIV. P. 55(a)-(b).

Plaintiff is not entitled to a default judgment in the instant case. As docketed by the Clerk on July 31, 2012, Defendants Bailey, Gilmore, King, Ozmint, and Thompson were served on July 17, 2012, such that their Answers were due on August 7, 2012. (Dkt. No. 13.) None of the Defendants are in default–as the Clerk's entry on the docket indicates, the Answer for Defendants Bailey, Gilmore, King, Ozmint, and Thompson was due on August 7, 2012, the same day that the Answer was filed. See FED. R. CIV. P. 12(a)(1)(A); see also Dkt. No. 14.

Plaintiff is incorrect in his assertion that a default has been entered. (See Dkt. No. 28 at 1.) Plaintiff previously filed a Request for Entry of Default, but the Clerk declined to enter the default because the Answer was timely filed. (See Dkt. No. 17.) Defendants are defending the instant case; on December 20, 2012, they filed a Motion for Summary Judgment that is currently pending. (Dkt. No. 35.) Even if Plaintiff could show that Defendants were in default, the clear policy of the Federal Rules of Civil Procedure is to discourage judgment by default and to encourage disposition of claims on their merits. See Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."). To the

3

extent Plaintiff contends that he is entitled to default judgment because Defendants "fail[ed] to respond to Plaintiff's request for discovery," (Dkt. No. 28), the undersigned notes that Plaintiff's Motion to Compel has been denied. (See Dkt. No. 43.) In any event, "the failure of the defendants to timely respond to the plaintiffs' discovery requests would not entitle the plaintiffs to a judgment, default or otherwise." Curry v. Charleston County Police Dep't, No. 0:10–522–HFF–PJG, 2010 WL 3766875, at *1 (D.S.C. Aug. 31, 2010), adopted at 2010 WL 3655631 (D.S.C. Sept. 20, 2010); see also FED. R. CIV. P. 37(b)(2) (listing the sanctions for failure to comply with a court *order* to provide or permit discovery). Accordingly, Plaintiff's Motion for Default Judgment (Dkt. No. 28) should be denied.

## CONCLUSION

Wherefore, it is RECOMMENDED that Plaintiff's Motion for Default Judgment (Dkt. No. 28) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

March 11, 2013
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).