IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Korell Battle, a/k/a Korell Robert Floyd Battle, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>John Ozmint; Frederick Thompson; )<br>D. Bailey; McKither Bodison; Darryl King; )<br>NFN Gilmore; and John Doe, Officer, )<br>)<br>Defendants. )<br>_____ ) | C/A NO. 2:12-1350-CMC-BHH<br><br><br>**OPINION and ORDER** |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report") on dispositive issues. On July 30, 2013, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted and this matter be dismissed with prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on August 20, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

1

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusion of the Report that Defendants should be granted summary judgment. Accordingly, the court adopts the Report by reference in this Order.

Plaintiff posits thirteen (13) objections, most of which take issue with the Report's finding that Plaintiff's allegations are conclusory and that he has failed to provide evidence showing a genuine issue of material fact. *See* Objs. 2, 4, 6-12 (ECF No. 55, filed Aug. 20, 2013). Having reviewed these objections and the Report's underlying findings *de novo*, the court finds that Plaintiff's objections are, for the most part, argument and allegations considered and correctly rejected by the Report. Accordingly, these objections are without merit.

Plaintiff first objection argues that certain of his filings were not reviewed by the Magistrate Judge because these filings (for example, "Statement of Disputed Factual Issues on Claim 1," *see* Obj. at 1) were not mentioned in the Report. The court has conducted a *de novo* review of the material submitted, and finds these declarations and submissions are not relevant to the determination of the absence of material facts. Accordingly, Plaintiff's first objection is rejected.

Plaintiff's third and fifth objections argue that the Report fails to properly cite and analyze relevant and binding case law. However, having reviewed the Report and the relevant portions of Plaintiff's underlying briefs *de novo*, the court finds that the Report has cited and applied the correct

legal precedent to the facts in this case. Accordingly, Plaintiff's third and fifth objections are rejected.

Plaintiff's remaining objection for consideration is his thirteenth objection. In essence, Plaintiff contends that he suffered injuries as a result of the attack by his cellmate, and that the injuries suffered were sufficient to allow for an award of damages. Obj. at 7-8. However, damages are not available absent a violation of Plaintiff's rights. This is where Plaintiff's contention fails, because he cannot establish Defendants were aware of a specific threat to him by his cellmate, Jamie Faison.

Plaintiff contends that he provided Defendants a "specific warning of danger to me" regarding sharing a cell with Faison. *See* Obj. at 4-6. In support of this allegation, Plaintiff attached three memoranda purportedly written to Bodison and Thompson (dated April 26, 2009), Gilmore and Bailey (dated May 13, 2009), and King (dated May 13, 2009). *See* Attach. to Compl., ECF 1-1.

The memorandum addressed to "Warden Bodison/Thompson," dated April 26, 2009, says nothing about a threat to Plaintiff by Faison. Indeed, the memorandum indicates Plaintiff seeks to be separated from Faison even though "[w]e haven't been arguing or threatening each other or fighting but this dude give me some bad vibes." ECF 1-1 at 1. Not only does Plaintiff fail to establish that these Defendants ever received this memorandum, but this communication contains no assertion of any threat to Plaintiff by Faison.

As to King, Plaintiff also fails to establish King had notice of any specific danger posed to Plaintiff by Faison. The May 13, 2009, memorandum written to King indicates "I think [Faison is] mentally ill or [psychotic], cause [sic] all day long he be talkin' about hurting people and he threaten me nor have we argued or fight but he give me some bad vibes and I fear for my life." ECF No. 1-1

at 3. While the "and he threaten me" language in this memorandum might operate to provide King notice,[1] Plaintiff has provided no evidence that King actually received this memorandum. Additionally, the grievance filed by Plaintiff says nothing about any purported threat made by Faison. The Grievance indicates that "I observed him and began to feel uncomfortable around [him]. He gave me a bad vibe . . . . We never once argued or cussed at each other but the vibe and tension was [there], *but I never expected him to do anything to me*." ECF No. 1-1 at 5 (emphasis added).

As to Gilmore and Bailey, the memorandum purportedly written May 13, 2009, indicates that "Crawford has put a hit out on me and I don't feel safe in a room with Faison." ECF No. 1-1 at 2. Plaintiff maintains this to be evidence that he notified Gilmore and Bailey of the threat posed by Faison. Again, Plaintiff provides no evidence that this memorandum reached either Gilmore or Bailey. Additionally, Plaintiff indicates in his verified complaint that he did not learn that Crawford had placed a hit on him until 2011. "[A]bout two year[s] later in 2011, I heard Dexter Crawford and Jamie Faison talking and I overheard Crawford tell Faison that if he get me 1 more time then he'd be paid real good again . . . . From listening *to this conversation*, it appears that Crawford had put a hit out on me and his homeboy from Florence 'Faison' executed the hit by attacking me in the cell . . . ." Compl. at 10 (emphasis added). Accordingly, Plaintiff admits in his verified complaint that he did not learn of the alleged hit until approximately two years *after the fact*. Therefore, the letter written to Gilmore and Bailey appears to have been fabricated for the sake of this civil action in an effort to provide evidence of notice.

By Plaintiff's own admission, "[p]rison is not no movie, nor fairytale out of a book! . . .

---

[1] The court is unsure whether Plaintiff meant to state "and he threaten me" or that Faison had not threatened him, as he indicated in the memorandum dated April 26, 2009, and in his grievance.

4

People get stabbed up, beat up, raped, or killed." Compl. at 2. In his Objections to the Report, Plaintiff maintains that "[w]hat matters is that I feared for my life from any and all inmates!" Obj. at 3 (ECF No. 55). However, unpleasant generalized conditions of prison life and the fact that Plaintiff feared "any and all inmates" and that he got a "bad vibe" from Faison are insufficient to provide prison authorities notice of any specific danger caused by Faison.

For the reasons stated in the Report and having reviewed and overruled Plaintiff's objections, Defendants' motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 27, 2013